**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JOHN JAMES VAN DRUTEN, | No. 24-1800 |
| Petitioner-Appellant, | DC No. 3:21-cv-00555-BEN-LR |
| v. | |
| NEIL McDOWELL, Warden, Ironwood State Prison, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted March 28, 2025**
Pasadena, California

Before:    TASHIMA, NGUYEN, and MENDOZA, Circuit Judges.

Petitioner-Appellant John James Van Druten appeals from an order of the

district court denying his petition for writ of habeas corpus under 28 U.S.C.

§ 2254.  We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\**       The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

The state court did not unreasonably reject Petitioner's claim that his due process rights were violated by the admission of evidence of another sexual offense under California Evidence Code § 1108. *See Soto v. Ryan*, 760 F.3d 947, 957 (9th Cir. 2014) ("On federal habeas review, the court 'look[s] through unexplained state court decisions leaving, in effect, the denial of post-conviction relief to the last reasoned state court decision to address the claim at issue.'" (alteration in original) (quoting *Medley v. Runnels*, 506 F.3d 857, 862 (9th Cir. 2007) (en banc))). Petitioner is incorrect that *Kipp v. Davis*, 971 F.3d 939 (9th Cir. 2020), required the state court to discuss the similarities and differences between the charged crime and the uncharged offense.

*Kipp* is inapplicable because it involved the admission of evidence under § 1101, not § 1108, of the California Evidence Code. Unlike § 1101, which requires the charged and uncharged crimes to be "sufficiently similar" to be admissible, under § 1108, "[t]he evidence is presumed admissible and is to be excluded only if its prejudicial effect substantially outweighs its probative value in showing the defendant's disposition to commit the charged sex offense or other relevant matters." *People v. Cordova*, 358 P.3d 518, 540 (Cal. 2015). "It is enough the charged and uncharged offenses are sex offenses as defined in section 1108." *Id.* (quoting *People v. Loy*, 254 P.3d 980, 993 (Cal. 2011)).

Unlike *Kipp*, the state court did not fail to consider evidence in the record in deciding to admit evidence of the uncharged offense. Also unlike *Kipp*, where the evidence admitted of an unadjudicated murder and rape was "highly prejudicial," *Kipp*, 971 F.3d at 951, the evidence admitted here of the incident with Petitioner's daughter was "not particularly inflammatory" compared to the charged crimes. *People v. Van Druten*, No. D074689, 2019 WL 4893894, at *10 (Cal. Ct. App. Oct. 4, 2019). The state court's determination was not "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(2).

**AFFIRMED.**